**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                               Case No. 08-CR-20310
                                                    Honorable Denise Page Hood

L.T. RIPPIE

       Defendant.
_____/

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

On October 6, 2008, Rippie plead guilty to possession with intent to distribute 5 (five) grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). On February 13, 2009, Rippie was sentenced to a term of imprisonment of 60 months, which was the mandatory minimum sentence the Court could impose. Now before the Court is Defendant L.T. Rippie's Motion for Reduction of Sentence, filed on October 19, 2011. Rippie asks that the Court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) due to lowering of the sentencing guidelines for cocaine offenses. Rippie argues that the amendment to the Sentencing Guidelines was made retroactive and is applicable to his sentence.

The Court cannot modify a term of imprisonment once it has been imposed absent certain circumstances. *See* 18 U.S.C. § 5582(c). Pursuant to 18 U.S.C. § 3582(c)(2), upon the Director of the Bureau of Prison, the defendant, or the Court's motion, the Court may modify a term of imprisonment of a subsequently lowered sentencing guideline range pursuant to 28 U.S.C. § 994(o) "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission." Amendment 706 of the Sentencing Guidelines lowered the sentencing range for offenses involving crack cocaine by two-levels and made such lowering retroactive. However, Amendment 706 cannot serve to reduce a term of imprisonment if the amendment does not have the effect of lowering the guideline range. 18 U.S.C. Appx. 1B1.10(a)(2); *see also Id.*, Application Notes 1(A) ("a reduction in the defendant's term of imprisonment is not authorized … [if] an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"). Here, Rippie was sentenced to the statutory minimum of 5 (five) years. He is not entitled to a further reduction of his term of imprisonment.

Accordingly,

**IT IS ORDERED** that the Defendant's Motion for Reduction of Sentence **[Docket No. 30, filed October 19, 2011]** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Expedited Consideration **[Docket No. 29, filed October 19, 2011]** is deemed **MOOT**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 14, 2012

I hereby certify that a copy of the foregoing document was served upon LT ete Rippie #42758039, P.O. Box 10, Lisbon, OH 44432 and counsel of record on May 14, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager